[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal pursuant to Section 46b-231n of the Connecticut General Statutes and Section 479B of the Connecticut Practice Book. The plaintiff, State of Connecticut ("State") appeals from the findings, orders and decision of the Family Support Magistrate ("Magistrate") entered on November 5, 1990. Specifically, the State appeals the failure of the Magistrate to find an arrearage based upon defendant's ability to pay $95.00 per week for the 25 week period when the plaintiff (the mother of the defendant's child) was a recipient of AFDC. The basis for this finding of no arrearage was that the defendant provided the plaintiff with $25.00 per week in child support from the date when her AFDC grant commenced on May 9, 1990 to the November 5, 1990 hearing date and thus, during this time there was "no deprivation of support", and therefore no arrearage, against which payment order could enter.
This court is bound to search the record to determine whether or not the Family Support Magistrate abused his discretion or was arbitrary or capricious in his use of discretion in failing to find an arrearage predicated upon the respondent's ability to pay.
The court has an advocacy brief from the State of Connecticut only. The respondent appeared pro se, and while the order of the Family Support Magistrate might be construed to be in his favor, the respondent does not have the responsibility to brief issues for the reviewing court.
This court has reviewed the statutes cited by the petitioner, the State of Connecticut, as well as other relevant statutes concerning the issue of support. The ruling of the Family Support Magistrate is found to be predicated essentially on language found in Conn. Gen. Stat.46b-215.
The Magistrate refused to find that respondent "neglected or refused" to furnish necessary support, and hence found no arrearage based upon ability to pay, prior to any court order. A review of the record does not require a finding that that decision was in abuse of discretion. The Magistrate clearly has the discretion to review agreements for support, and has the discretion to find an arrearage or, not. This court will not substitute its judgment for that of the Magistrate, who assessed CT Page 607 the statements of petitioner and respondent. There is no statutory mandate that has not been followed, nor was his discretion abused.
The judgment of the Family Support Magistrate is affirmed.
DRANGINIS, JUDGE